Julia A. Boss
3059 Hendricks Hill Drive
Eugene, OR 97403

*Pro Se Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In re Insulin Pricing Litigation** | Civil Action No. 17-699 (BRM)(LHG) |
| **Boss v. CVS Health** | Civil Action No. 17-01823 (BRM)(LHG) |
| **Bewley v. CVS Health** | Civil Action No. 17-12031 (BRM)(LHG) |
| **Prescott v. CVS Health** | Civil Action No. 17-13066 (BRM)(LHG) |

## NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)(A)(i) AND PROPOSED ORDER

**WHEREAS**, the Foundation Plaintiffs are comprised of *Pro Se* Plaintiff Julia Boss and unrepresented corporate Plaintiff the Type 1 Diabetes Defense Foundation, Inc. ("T1DF").[1] Julia Boss, T1DF's president, has been duly authorized to file this Notice of Voluntary Dismissal ("Notice") on behalf of T1DF. This Notice is entered by the Foundation Plaintiffs as it has

---

[1] We hereby seek permission for T1DF to appear unrepresented by counsel for the sole purpose of voluntarily dismissing its claims without prejudice in the above-mentioned cases. We are not aware of any other way to cut this procedural Gordian knot. But in case this request shall not be granted or in case any provision in this Notice of Voluntary Dismissal shall be held invalid or unenforceable, the validity, legality and enforceability of the remaining provisions, as they apply to Julia Boss in her *pro se* capacity, shall not in any way be affected or impaired.

become impossible for us to prosecute our claims in *Boss v. CVS Health* (Civil Action No. 17-01823), *Bewley v. CVS Health* (Civil Action No. 17-12031), and *Prescott v. CVS Health* (Civil Action No. 17-13066),[2] for three main reasons: (1) Keller Rohrback's de facto refusal to prosecute the *Bewley* and *Prescott* cases to the sole benefit of a joint enterprise between fourteen law firms (including interim co-lead counsel and Keller Rohrback), the MSP Plaintiffs and PBM

---

[2] It is the Foundation Plaintiffs' understanding that their claims in *In re Insulin Pricing Litigation* (Civil Action No. 17-00699) have already been dismissed by virtue of the unconsolidation of *Boss v. CVS Health* (Civil Action No. 17-01823). If this is not the case, this Notice of Voluntary Dismissal equally applies to any claim of the Foundation Plaintiffs that may have survived the unconsolidation in *In re Insulin Pricing Litigation.*

Defendants (collectively the "Joint PBM-Payer Enterprise"[3]), (2) Keller Rohrback's participation in the Joint PBM-Payer Enterprise—i.e. its execution of the Tolling and Standstill Agreement in *In re Insulin Pricing Litigation*, which specifically references *Boss v. CVS Health* (Article 9) and which extends co-lead counsel's control over all current named plaintiffs and part of the putative

---

[3] Several firms that signed the Agreement have extensive relationships with current and former payer clients. Hagens Berman has litigated cases on a similar fact pattern for Community Catalyst's Prescription Access Litigation project, including a 2003 putative class action filed in California on behalf of payers to secure, for their payer clients, full rebate pass-through. *American Federation of State County and Municipal Employees v. AdvancePCS, et al.* No. BC 292227 (Cal. Super. Ct., Los Angeles Cty. Apr. 4, 2003)(first amended representative action and complaint stating that "PBMs are failing to disclose and pass on" savings to benefit providers and "are contributing to the escalation in prices of prescription drugs by keeping the lion's share of rebates," which they believe "is in the billions of dollars annually"), previously available at http://www. hagens-berman.com/files/PBM%20Complaint%20-%20Amended%20-%20NP1049738021600.pdf. According to the U.S. Department of Justice, "[t]he complaint alleges that PBMs engage in various forms of conduct designed to increase their profits, instead of benefitting employers and consumers." (https://www.justice.gov/atr/chapter-7-industry-snapshot-and-competition-law-pharmaceuticals) In that case, "[a]mong other charges, the complaint alleges that the PBMs failed to pass on rebates from drug manufacturers to health plans and consumers" (Regulation of Pharmacy Benefit Managers: An Economic Analysis of Regulation and Litigation as Agents of Health Care Change, page 8, available at: https://olis.leg.state.or.us/liz/2012R1/Downloads/CommitteeMeetingDocument/80791). Hagens Berman has also been extensively involved as outside counsel and litigation counsel in PAL's litigation campaign against manufacturer copay coupons; See e.g., *United Food and Commercial Workers International Union, Local 464A Health and Welfare Fund v. Merck & Co., Inc.*, No. 3:12-CV-03652 (D.N.J. filed Jun. 15, 2012) (dismissed with prejudice after manufacturer defendants uncovered payers' PBM contracts with rebate pass-through and point-of-sale copay coupon capture clauses). Keller Rohrback has had an insurance defense practice for over 50 years; see, e.g., "Keller Rohrback has a long history of serving insurance clients. Some insurers have been clients for over 50 years" (http://www.kellerrohrback.com/practiceareas/insurance-litigation/) and "for about 12 years I worked at the firm of Keller Rohrback, doing insurance defense litigation." (https://www.pf.um.si/site/assets/files/3557/medicina_pravo_in_druba_20172017_mip_heller.pdf). All three PBM Defendants are now vertically integrated with health insurers. Among the top 5 national PBMs, only MedImpact has remained independent although de facto controlled by its single largest payer client, Kaiser Permanente. The Agreement can therefore be best described as an agreement between payers and payers' current/former counsel for the purpose of protecting payers and their PBM agents while the U.S. Congress, state legislatures and government agencies actively investigate insulin pricing and payer-controlled patient cost-sharing.

classes in the *Bewley* and *Prescott* cases (Article 2), and (3) the Foundation Plaintiffs' inability, for a period of over 12 months, to secure counsel willing to represent us in opposing the Joint PBM-Payer Enterprise as it affects *Boss v. CVS Health* (Civil Action No. 17-01823), *Bewley v. CVS Health* (Civil Action No. 17-12031), and *Prescott v. CVS Health* (Civil Action No. 17-13066).

A true copy of the fully executed "Tolling and Standstill Agreement" ("Agreement") dated January 26, 2018, entered into by the Joint PBM-Payer Enterprise is attached as Exhibit A.[4] The Foundation Plaintiffs received this fully executed agreement for the first time on December 27, 2018. Keller Rohrback's de facto abandonment of the *Bewley* and *Prescott* cases to benefit the Joint PBM-Payer Enterprise is clearly documented by their execution of the Agreement and then their failure to prosecute the *Bewley* and *Prescott* cases. Aside from Keller Rohrback's attempts to seal these cases to curtail public access to the Foundation Plaintiffs' filings, they stopped prosecuting these cases immediately after they were transferred to this Court in November 2017. PBM Defendants have taken no action against Keller Rohrback, their associates in the Joint PBM-Payer Enterprise, for failure to prosecute these cases for over a year; PBM Defendants, on the other hand, immediately sought dismissal with prejudice under Rule

---

[4] Nothing in this Notice should be deemed an admission by the Foundation Plaintiffs that the Agreement is valid and enforceable. It is in fact our belief that the Agreement is invalid and unenforceable. It is however proof of a joint enterprise to prevent the Foundation Plaintiffs from concurrently prosecuting their claims against payers and their PBM agents.

41(b) of the Foundation Plaintiffs' claims for missing a deadline by a matter of days.[5] The Foundation Plaintiffs are thus adverse to the Joint PBM-Payer Enterprise—a joint enterprise between fourteen law firms led by interim co-lead counsel (counsel of payers), the MSP Plaintiffs (payers), and the PBM Defendants (payers/agents of payers) as memorialized by the Agreement.

The Joint PBM-Payer Enterprise has endeavored to control the Foundation Plaintiffs' three cases now before this Court. Article 9 of the Agreement would allow PBM Defendants to seek a stay of *Boss v. CVS Health*. Article 2 could also be used by co-lead counsel in *In re Insulin Pricing Litigation* or even by Keller Rohrback to interfere with class certification for any action against PBM Defendants that in any way relates to insulin pricing, including *Bewley v. CVS Health* and *Prescott v. CVS Health*. Prosecuting these latter two cases with only part of their potential classes would be a miscarriage of justice—as is the extended delay of the putative classes' claims against payers and their PBM agents. The Expiration Date of the Agreement (Article 1(c)) is, at best, no earlier than 180 days after the date on which the Court has

---

[5] The PBM Defendants' informal request (ECF No. 62 in *Boss v. CVS*) is unsubstantiated and unreasonable. It breaches local rules. It should not be granted. It is also rendered moot by the timely filing of this Notice. Julia Boss has the right to prosecute her claims *pro se* independently from any class allegation, and the existing complaint already contains all the required elements of a valid complaint. Furthermore, the PBM Defendants knew that the Agreement had in fact been made for the specific purpose of preventing Julia Boss from taking the steps the PBM Defendants now argue she should have taken, i.e. to prosecute *Boss v. CVS*. Finally, the presence of a *pro se* plaintiff, the history of this case, and the complexity of its procedural circumstances render PBM Defendants' informal request inadequate. *See* Local Rule 16.1(f)(2) (In such cases [in which a party appears *pro se*] case management disputes shall be presented by formal motion consistent with L.Civ.R. 16.1(g).) We do not need to address the PBM Defendants' informal request further as this Notice of Voluntary Dismissal renders the PBM Defendants' informal request moot.

adjudicated all motions to dismiss in all Insulin Actions, including *Boss v. CVS Health*—a circular logical loop (*Boss v. CVS Health* can be prosecuted only after *Boss v. CVS Health* has been fully prosecuted and dismissed) that can't be resolved unless the Agreement itself is voided. If deemed operative and enforceable, the Agreement renders the unconsolidation of *Boss v. CVS Health* illusory insofar as the Agreement effectively prevents us from securing counsel and prosecuting that case. The only reasonable path forward under these circumstances is thus to voluntarily dismiss our claims in *Boss v. CVS Health* without prejudice—in order to immediately terminate the PBM Defendants' right to seek a stay under Article 9 of the Agreement—as well as our claims in *Bewley v. CVS Health* and *Prescott v. CVS Health,* and then possibly to refile these claims in a forum that will protect the rights of the putative classes to seek redress against payers and their PBM agents, free from interference by the Joint PBM-Payer Enterprise.

The above-described procedural morass, engineered by the Joint PBM-Payer Enterprise, is the primary reason we have not been able to secure legal representation. It is impossible to prosecute *Boss v. CVS Health*, *Bewley v. CVS Health* and *Prescott v. CVS Health* in this Court without directly confronting interim co-lead counsel in *In re Insulin Pricing Litigation* and Keller Rohrback's cooperation with PBM Defendants to prevent any party from pursuing claims against payers and their PBM agents in a timely manner. That may mean challenging these attorneys' capacity to compromise the putative class(es)' right to seek redress against the parties that actually control the prices putative class members pay at the point of sale—PBMs, as agent of payers, and payers that control plans' benefit design. The resulting procedural complexity and adversarial nature of these cases has prevented us from securing counsel. We initiated our search in November 2017 and diligently initiated multiple case assessments, some taking several

months and requiring a substantial time commitment from us while concurrently prosecuting our cases, advancing patients' interest in other fora[6] and engaging in our professional activities. Most counsel who assessed these cases and ultimately withdrew cited reluctance to oppose current counsel—signatories to the Agreement—as a primary reason for refusing to take these cases. Others cited 'procedural complexity'—complexity created in part by the existence of an Agreement where counsel's actual capacity to make such an agreement on behalf of the putative class(es) would be at issue. Our most recent prospective counsel informed us on Thursday, December 27, 2018, that they have been unable to find local counsel willing to represent us in this Court.

We can't prosecute *Boss v. CVS Health* as a putative class action without counsel; and even if we had counsel, PBM Defendants could seek to stay this case, at any time, for months or possibly even years under Article 9 of the Agreement. We could, in theory, remain as plaintiffs in *Bewley v. CVS Health* and *Prescott v. CVS Health* as long as Keller Rohrback and PBM Defendants continue to leave these cases dormant; but we cannot remain associated with a miscarriage of justice that only serves the interest of the Joint PBM-Payer Enterprise. For over a year, we have tried to the best of our abilities to protect the claims of the putative classes of insulin, glucagon and test strips users against payers and their PBM agents. We now believe that this end will be better served by voluntarily dismissing our claims altogether in all above-mentioned cases.

---

[6] E.g. Oregon Joint Interim Task Force On Fair Pricing of Prescription Drugs: https://olis.leg.state.or.us/liz/2017I1/Committees/JFPRX/2018-05-18-13-00/MeetingMaterials

**NOW, THEREFORE,** pursuant to F.R.C.P. 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, *Pro Se* Plaintiff Julia Boss and unrepresented corporate Plaintiff Type 1 Diabetes Defense Foundation, Inc. (the Foundation Plaintiffs) hereby give notice that *Boss v. CVS Health* (Civil Action No. 17-01823) is voluntarily dismissed in its entirety without prejudice, and that all Foundation Plaintiffs' claims in *In re Insulin Pricing Litigation* (Civil Action No. 17-00699), *Bewley v. CVS Health* (Civil Action No. 17-12031), and *Prescott v. CVS Health* (Civil Action No. 17-13066) are also voluntarily dismissed without prejudice, each side to bear their own fees and costs. This voluntary dismissal is not the result of a settlement.

Respectfully submitted on December 28, 2018,

Julia A. Boss
3059 Hendricks Hill Drive
Eugene, OR 97403

## ▓▓▓▓▓▓ ORDER

Upon request of the Foundation Plaintiffs, *Pro Se* Plaintiff Julia Boss and unrepresented corporate Plaintiff the Type 1 Diabetes Defense Foundation, and good cause appearing, **IT IS HEREBY ORDERED** that *Boss v. CVS Health* (Civil Action No. 17-01823) be and hereby is dismissed without prejudice in its entirety, each side to bear their own fees and costs. **IT IS ALSO ORDERED** that the Foundation Plaintiffs' claims in *In re Insulin Pricing Litigation* (Civil Action No. 17-00699), *Bewley v. CVS Health* (Civil Action No. 17-12031), and *Prescott v. CVS Health* (Civil Action No. 17-13066) be and hereby are dismissed without prejudice.

The clerk is directed to close *Boss v. CVS Health* (Civil Action No. 17-01823) and to terminate Julia Boss and the Type 1 Diabetes Defense Foundation as plaintiffs in *In re Insulin Pricing Litigation* (Civil Action No. 17-00699), *Bewley v. CVS Health* (Civil Action No. 17-12031) and *Prescott v. CVS Health* (Civil Action No. 17-13066).

IT IS SO ORDERED.

Dated: 1/7/19

UNITED STATES DISTRICT JUDGE